UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| LARRY JONGEWAARD, | Civ. 11-3006-KES |
| Petitioner, | |
| vs. | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, Larry Jongewaard, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Jongewaard is incarcerated at the Forrest City Low Federal Correctional Institution in Forrest City, Arkansas. Jongewaard asserts he is entitled to relief because he received ineffective assistance of counsel during his criminal trial and direct appeal. Respondent opposes his motion. Because Jongewaard has failed to demonstrate that his attorney's performance was deficient or that he was prejudiced by it, Jongewaard's motion to vacate, set aside, or correct his sentence is denied.[1]

**FACTUAL BACKGROUND**

Late on September 23, 2007, Jongewaard placed a telephone call from his home in Omaha, Nebraska, to the home of Ted Schmidt in rural Mellette County, South Dakota. During the call, Jongewaard told Schmidt that he was

---

[1] The record in Jongewaard's case conclusively demonstrates that he is not entitled to relief and his § 2255 motion is, accordingly, denied without an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

going to kill Richard Jongewaard, Schmidt's best friend and Jongewaard's uncle. Jongewaard repeated his threat as many as forty times in a series of calls that continued into the early morning hours of September 24. During the calls, Jongewaard asked Schmidt to tape record the conversation and stated, "I know this is illegal for me to say this and I'm saying it." Jongewaard also described his plan to kill Richard with Richard's own gun and to then turn the gun on himself. At about 12:30 a.m. on September 24, Schmidt called Richard to warn him of the threat. Later that morning, Schmidt and Richard went to the Mellette County Courthouse to report the threatening phone calls and seek a restraining order on Richard's behalf.

On September 28, 2007, a criminal complaint was filed in the United States District Court for the District of South Dakota, charging Jongewaard with one count of transmitting a threat in interstate commerce. *See* CR 07-30095 (CR Docket), Docket 1. On October 24, 2007, a federal grand jury returned an indictment, again charging Jongewaard with one count of transmitting a threat in interstate commerce. CR Docket 3. A jury found Jongewaard guilty. CR Docket 37. On April 29, 2008, Jongewaard was sentenced to 60 months' imprisonment, a $1,000 fine, and 3 years of supervised release. CR Docket 50, Sentencing Transcript, at 11-12.

Jongewaard appealed his conviction on May 14, 2008. CR Docket 44. On appeal, Jongewaard argued that in order to convict him, the government

was obligated to allege and prove that his statements were communicated to effect a change or achieve some goal through intimidation. He also argued that the court improperly admitted a hearsay statement and evidence of a prior act under Rule 404(b) of the Federal Rules of Evidence. *United States v. Jongewaard*, 567 F.3d 336, 338 (8th Cir. 2009). The Eighth Circuit Court of Appeals affirmed his conviction on June 3, 2009, and issued its mandate on July 17, 2009. Jongewaard petitioned for certiorari with the United States Supreme Court on October 5, 2009. The Court denied his petition on February 22, 2010. *Jongewaard v. United States*, 130 S. Ct. 1502 (2010).

Jongewaard filed the present motion on February 14, 2011. Docket 1. Jongewaard asserts he received ineffective assistance of counsel for five reasons. First, Jongewaard argues he was denied effective assistance of trial counsel because his trial counsel accused the person he threatened (his uncle) of sexually abusing him as a child. Jongewaard claims this was false and prejudiced him because it demonstrated a motive for the threats. Second, Jongewaard argues that counsel was ineffective for failing to question a trial witness about Richard's allegedly false testimony. Third, he asserts his trial counsel was ineffective in failing to refute an allegation that he had staked out the victim's ranch in 2006. Jongewaard's next argument is that his trial counsel was constitutionally ineffective in failing to mount a defense based on his First Amendment right to free speech. Finally, Jongewaard contends

3

generally that counsel was ineffective on appeal for failing to argue constitutional violations and instead, making arguments he characterizes as relating to a "technical loophole."

## STANDARD OF REVIEW

A § 2255 motion is the "statutory analog of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). A federal prisoner may seek relief from his sentence on the grounds that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," or (3) "that the sentence was otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief may be granted under § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Jongewaard asserts that his representation was so deficient as to deprive him of a fair trial in violation of the Sixth Amendment. "The Sixth Amendment right to counsel guarantees a fair trial, not a perfect one." *Willis v. United States*, 87 F.3d 1004, 1008 (8th Cir. 1996). Whether Jongewaard's counsel's performance was constitutionally ineffective is determined by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

Under *Strickland*, Jongewaard must show that his trial counsel's performance was both professionally deficient and that it prejudiced him. *Id.* at 687.

Jongewaard " 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). Because of the problems inherent in hindsight analysis, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005). As a result, decisions involving trial strategy are "virtually unchallengeable." *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

To show prejudice, Jongewaard must demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[I]f an ineffectiveness claim may more easily be disposed of . . . on the ground of lack of sufficient prejudice [than by assessing whether the challenged action was a reasonable trial strategy] . . . that course should be followed." *Strickland*, 466 U.S. at 697. Similarly, when no deficient performance is shown, the court need not consider whether a petitioner suffered prejudice from the allegedly deficient performance. *Id.*

Respondent has provided memoranda from Jongewaard's counsel, but not an affidavit regarding Jongewaard's allegations. Because Jongewaard's allegations are conclusory in nature and contrary to the court records in his

5

underlying case, his claims are subject to summary denial and may be resolved without an affidavit from counsel. *See Richardson v. United States*, 577 F.2d 447, 450 (8th Cir. 1978).

## I.     The Sexual Abuse Allegation

Jongewaard's first ground for relief asserts that he received ineffective assistance of counsel when his attorney accused the victim, Richard Jongewaard, of sexual abuse when no such sexual abuse occurred in the past. Jongewaard argus this prejudiced him because it falsely provided a motive for the alleged threats. Docket 1 at 5. Jongewaard claims that without the false accusation, the jury would have seen the threats for "drunken lip service." *Id.* This claim is without merit.

Other than Jongewaard's current assertions, there is no evidence that the sexual abuse allegation is false. Rather, Jongewaard's assertions are contradicted by the record and inherently incredible. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (A prisoner's § 2255 claims "cannot be accepted as true" if they are contradicted by the record or are inherently incredible.)

The record demonstrates that Jongewaard's counsel investigated his allegations. Respondent has submitted four memoranda prepared by the Federal Public Defender's investigator. These memoranda recount interviews with Jongewaard's brother, sisters, and mother. *See* Docket 7-1, Docket 7-2,

6

Docket 7-3, Docket 7-4. All four people who were interviewed confirmed there were allegations that Richard had sexually abused Jongewaard in the past. *Id.* During the pretrial conference, Jongewaard's attorney addressed the admissibility of the evidence related to the sexual abuse allegation. She outlined the information regarding the alleged sexual abuse by Richard of Jongewaard and of his brother Nick Ham. While the abuse allegedly occurred when Jongewaard and Ham were children, there was evidence suggesting that Jongewaard and Ham had confronted Richard about the abuse as recently as 2004. See CR Docket 52, Trial Transcript, at 15-16. In 2004, Jongewaard and Ham went to Richard's ranch to confront him and seek an apology. *Id.* at 15. Jongewaard was present while the sexual abuse issue was being discussed during the pretrial conference and during trial. Thus, Jongewaard's claim that the sexual abuse allegation was false is contradicted by the record. Jongewaard does not claim he told counsel that the allegation was false or that he ever sought to correct the alleged factual mistake regarding the sexual abuse allegations. Rather, Jongewaard stood by as counsel described the allegations and efforts by the defense investigator to substantiate them.

    Nor did Jongewaard object to the introduction of the allegations at trial. During defense counsel's cross-examination of Richard, counsel asked him if the 2004 confrontation involved discussion of sexual abuse. *Id.* at 155. This was the only question by defense counsel that dealt with the allegation. The

prosecutor also inquired briefly about the sexual abuse allegation during direct examination of Richard. *Id.* at 143, 145. This record demonstrates that the issue was not one that occurred unexpectedly at trial, but rather was investigated in preparation for trial.

Moreover, Jongewaard did not and does not deny making the phone calls at issue in this case. His attorney, therefore, had to explain Jongewaard's conduct. Although Jongewaard now claims that the sexual abuse allegation showed a motive for the threats he made, the evidence was also relevant for the purpose of impeaching Richard because it shows he had a motive to vindictively seek to have Jongewaard prosecuted due to the prior allegation of sexual abuse.

Because the issue was adequately investigated, the tactical decisions Jongewaard's attorney made during trial, such as the decision to question Richard about the alleged sexual abuse, are entitled to a presumption of reasonableness. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. "Ordinarily, we consider strategic decisions to be virtually unchallengeable unless they are based on deficient investigation, in which case the 'presumption of sound trial strategy . . . founders on the rocks of ignorance." *Link*, 469 F.3d 1197, 1204 (8th Cir. 2006) (citing *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005)). Because Jongewaard has failed to

show that his attorney's "investigation was deficient, [counsel's] tactical decision[s] enjoy a strong presumption of reasonableness." *Id.* A claim that counsel should have asked specific questions and sought certain answers is insufficient to demonstrate an error that the Sixth Amendment is intended to protect against. *See Willis v. United States*, 87 F.3d 1004, 1006 (8th Cir. 1996) (holding that counsel's failure to ask a question, if an error at all, is not the type of error that the Sixth Amendment seeks to correct, because few cross-examinations "could not be improved upon."). In light of counsel's investigation, Jongewaard has failed to overcome the presumption of reasonableness accorded to his attorney's conduct. Thus, Jongewaard has failed to show that her performance was professionally deficient.

But even if Jongewaard had demonstrated that presenting the sexual abuse allegation was an error, he cannot demonstrate that he was prejudiced by it. The evidence presented at trial regarding the sexual abuse allegation was minimal. It consisted of a single question on direct examination of Richard by the government and a single question by Jongewaard's attorney during cross-examination. Given the "overwhelming evidence" of Jongewaard's guilt, *Jongewaard*, 567 F.3d at 543, inquiry into the sexual abuse allegations did not prejudice Jongewaard. Thus, his claim fails.

## II. Failure to Ask Certain Questions on Cross-Examination

Jongewaard's second ground for relief is that counsel was ineffective in failing to question Ham at trial about a statement allegedly made by Jongewaard during the 2004 conversation involving Jongewaard, Ham, and Richard. Richard testified that Jongewaard spoke about "committing a double murder." Jongewaard claims his attorney should have asked Ham whether Jongewaard made the "double murder" comment.

After Richard's testimony about the double murder comment, Jongewaard's counsel called Ham as a witness, but avoided any discussion about the 2004 confrontation with Richard. Instead, his attorney confined Ham's direct examination to Jongewaard's drinking. CR Docket 52, Trial Transcript, at 171-172. Jongewaard's counsel also successfully sought to limit the government's cross examination to only the topics discussed on direct examination. *Id.* at 173-74. As discussed earlier, Jongewaard's attorney talked to Ham and sent an investigator to interview him. She thereafter called Ham as a witness. Despite Jongewaard's contention that Ham would have testified that Jongewaard did not make the "double murder" comment, the record suggests that his attorney may not have had the same confidence in Ham's response and appeared to purposely avoid the subject in her questioning. As the Eighth Circuit Court of Appeals stated in *Willis*, "counsel's failure to ask [a certain question] is not the type of error, if indeed it was error

at all, that the Sixth Amendment functions to correct." 87 F.3d at 1006. Accordingly, Jongewaard's claim is without merit.

### III. Failure to Refute Evidence

Jongewaard's next argument is that his attorney was ineffective in failing to refute evidence that he had "staked out" Richard's ranch in 2006. Jongewaard claims that because he was employed in Omaha, Nebraska, at the time and never missed a day of work, it would have been impossible for him to stake out a ranch in rural Mellette County, South Dakota.

Ted Schmidt testified that during the telephone conversations on September 23 and 24, 2007, Jongewaard told Schmidt that he had staked out Richard a year earlier. CR Docket 52, Trial Transcript, at 82. Jongewaard told Schmidt he spent time at Richard's ranch in November 2006 without Richard's knowledge, hiding in the dry dam in Richard's creek. *Id.* Schmidt believed what Jongewaard was saying because his description of the trip and its timing was detailed. *Id.* at 83. When Schmidt inquired further, Jongewaard responded, "Hey Ted. Hold it a minute. I know what you're trying to get at now. You're not going to try to trick me. I was there . . . I've got the bus–cancelled bus tickets . . . I was there." *Id.* Jongewaard stated he had been there to "stake out the place and watch Richard." *Id.*

The Federal Public Defender's Office investigated whether the assertion that Jongewaard had staked out Richard's ranch was true. See Docket 7-1,

11

Memo. Ham told the investigator that Jongewaard acknowledged telling Schmidt that he had hidden in a creek bed near Richard's property in rural Wood, South Dakota, but also admitted that the statement was not true. *Id.* Jongewaard told Ham he was in Omaha the whole time, but wanted Schmidt and Richard to think the statement was true. *Id.*

No corroborating evidence was presented at trial to show the time Jongewaard was at the ranch. The only estimate as to the time period came from Jongewaard himself. Jongewaard's current argument is that because he was employed in Omaha, Nebraska, at the time, it would have been impossible to go to rural Wood, South Dakota.

"The law does not require counsel to raise every available nonfrivolous defense." *Knowles v. Mirzayance*, 556 U.S. 111, ___, 129 S. Ct. 1411, 1422 (2009). *Cf. Wiggens v. Smith*, 539 U.S. 510, 533 (2003) ("*Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing."). As the memo above demonstrates, counsel investigated whether the allegation that Jongewaard "staked out" Richard's ranch was true. Thus, her decision not to ask Ham about the comment is entitled to a presumption of reasonableness, which Jongewaard cannot overcome. The allegation that Jongewaard staked out the ranch was never proven conclusively, but was based on Jongewaard's statement to Schmidt. If counsel had rebutted the

evidence with information about Jongewaard having a job at the time, it would not have impeached Schmidt. Rather, it would have demonstrated that any falsity associated with this claim derived from Jongewaard lying about it to Schmidt, not his employment in Omaha. Thus, counsel's performance was not professionally deficient.

Nor can Jongewaard demonstrate prejudice from his attorney's failure to argue that it was impossible for him to be in Wood, South Dakota, while employed in Omaha, Nebraska. Testimony that Jongewaard had a job and did not miss work would not have impeached or rebutted the evidence presented at trial, unless Jongewaard worked every single day of the week and at practically all hours. "Because an evaluation of [Jongewaard's] claim requires a 'predictive judgment' about how jurors would have weighed the totality of the evidence, including the new evidence [he] now cites, it is important to first review the record that was created in the trial itself, and the findings made by the jury on the record." *Paul v. United States*, 534 F.3d 832, 839 (8th Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 397-98 (2000)). As the Eighth Circuit Court of Appeals noted, the evidence against Jongewaard was overwhelming. *Jongewaard*, 567 F.3d at 343. Even if his attorney had rebutted the assertion that Jongewaard staked out the ranch in 2006, Jongewaard has not shown a reasonable probability that the result of the trial would have been different. Accordingly, this claim fails.

## IV. Failure to Present a First Amendment Defense

Jongewaard's next ground for relief is that defense counsel was ineffective in failing to argue his First Amendment right to free speech. Docket 1 at 6. He asserts that he never denied the phone calls, but denied committing a crime. But Jongewaard's attorney did defend on First Amendment grounds.

Jongewaard's current argument is essentially that the phone calls were protected speech because they did not constitute a "true threat." A true threat is a threat not protected under the First Amendment. *United States v. Bellrichard*, 994 F.2d 1318, 1322 (8th Cir. 1993). A true threat is "a statement that a reasonable recipient would have interpreted as a serious expression of an intent to harm or cause injury to another." *Doe v. Pulaski Cnty. Special Sch. Dist.*, 306 F.3d 616, 624 (8th Cir. 2002) (en banc). The issue of whether the phone calls constituted a true threat was litigated and presented to the jury in Jongewaard's case. *See United States v. Floyd*, 458 F.3d 844, 849 (8th Cir. 2006) (noting that whether a communication is a true threat is submitted to the jury if there is sufficient evidence for a jury to decide that a reasonable recipient would interpret a communication as a threat); *United States v. J.H.H.*, 22 F3d 821, 832 (8th Cir. 1994) (Lay, J. concurring) (observing that whether a defendant's conduct "constitutes a true threat is a question for the jury.").

During Jongewaard's trial, the jury was instructed that a threat is a "serious threat as distinguished from idle or careless talk, or something said in a joking manner." CR Docket 36 at 2. The jury was further instructed that a statement is a threat if "it is made under such circumstances that a reasonable person would construe it as a serious expression of an intent to injure another person." *Id.* The jury was also instructed that "the First Amendment protects speech, however offensive, if it is not a true threat." *Id.* The jury was also told how to evaluate whether Jongewaard's statements were a true threat. The jury was instructed that the following factors could be considered in evaluating whether Jongewaard's statements constituted a true threat:

> the reaction of the recipient of the alleged threat and of other listeners, whether the alleged threat was conditional, whether an objectively reasonable recipient would view the message as a threat, whether the alleged threat was communicated directly to its alleged victim, whether the maker of the threat had made similar statements to the victim in the past, whether the alleged victim had reason to believe that the maker of the statement had a propensity to engage in violence, and whether the recipient of the alleged threat could reasonably conclude that it expressed a determination or intent to hurt presently or in the future.

*Id.* at 2-3. This instruction is consistent with precedent. *See Doe,* 306 F.3d at 624, *Bellrichard,* 994 F.2d at 1321-23. Because the jury was properly instructed on the First Amendment issue and Jongewaard's attorney did argue that his statements were not a "true threat," Jongewaard's claim fails.

**V.      Ineffective Assistance of Counsel on Direct Appeal**

Jongewaard's final ground for relief is that he received ineffective assistance of counsel during his appeal. Jongewaard specifically asserts that his attorney erred when she did not appeal on constitutional grounds, but rather "ranted and raved about some technical loophole legal mumbo jumbo 'bullsh*t!' missing a chance to receive appellet [sic] justice." Docket 1 at 7. He further asserts that "the appeal was not strategic, it was malicious or incompetent." *Id.*

Jongewaard does not allege any facts in support of this claim. Nor does he present any arguments as to how the proceedings would have been any different had counsel presented different arguments. He does not identify the specific constitutional grounds he now asserts counsel should have raised. Thus, his claim is nothing more than a conclusion offered without any factual support that would show counsel's performance was deficient. Relief may be denied on this basis. *Richardson*, 577 F.2d 452.

"When appellate counsel competently asserts some claims on defendant's behalf, it is difficult to sustain an ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." *Link*, 469 F.3d at 1205 (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). "The Sixth Amendment does not require that counsel raise every colorable or non-frivolous claim on appeal." *New v. United States*, ___ F.3d ___,

16

No. 10-2308, 2011 WL 3820826 at *4 (8th Cir. 2011) (citing *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998)). "[A]bsent contrary evidence, we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (internal quotation omitted). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of ineffective assistance of counsel be overcome." *Link*, 469 F.3d at 1205.

Appellate counsel presented four arguments on appeal. First, counsel argued that the court should have granted Jongewaard's motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure because the prosecution failed to prove all the essential elements necessary for a conviction under § 875(c). Second, counsel argued that the indictment failed to invoke the court's jurisdiction or state an offense because it failed to properly allege an element of the offense under § 875(c). The first two arguments were predicated on counsel's contention that the government was obligated to allege and prove that Jongewaard's statements were communicated to effect a change or achieve some goal through intimidation. Counsel also argued that the court improperly admitted a hearsay statement and evidence of a prior act under Rule 404(b) of the Federal Rules of Evidence. *Jongewaard*, 567 F.3d at 338.

17

Jongewaard has offered nothing to show a certain issue was ignored. Nor has he shown that a particular issue was stronger than the issues counsel raised. Accordingly, he cannot overcome the presumption that appellate counsel's failure to raise a certain claim was a sound strategy. Jongewaard has failed to demonstrate that he received ineffective assistance of counsel on appeal and his claim is denied. Therefore, it is

ORDERED that Jongewaard's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket 1) is denied.

Dated October 11, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE